IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DUSTIN KEELING, | ) | CASE NO. 5:12CV3015 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| JAMES DARNELL, et al., | ) | |
| | ) | |
| Defendants. | ) | **REPORT AND RECOMMENDATION** |

On March 13, 2013, the Court held a Case Management Conference ("CMC") at the Akron Federal Courthouse at which the Plaintiff, Dustin Keeling ("Keeling"), did not appear.[1] Docs. 12 and 13.  Notice of the conference was sent to Keeling at the address in Dayton, Ohio that is listed in his Complaint and on the docket sheet.  *See* Docket Entry dated 1/24/2013.  Thereafter, on March 13, 2013, the Court issued a Show Cause Order, requiring Keeling to show cause in writing within 14 days of the date of that order, explaining why he failed to appear for the CMC, why he should not be sanctioned for that failure, and why this case should not be dismissed for want of prosecution.  Again, a copy of the Show Cause Order was sent to Keeling at the Dayton address.  *See* Docket Entry dated 3/14/2013.  Neither the scheduling notice for the CMC nor the Show Cause Order were returned as undeliverable.  Despite receiving notice of the foregoing items, Keeling has failed to appear or respond in any manner.

The Court finds that dismissal is appropriate for failure to prosecute.  District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).  Failure of a party to respond to an order of the court warrants

---

[1] It should also be noted that none of the individually named Defendants or their attorney, Thomas C. Miller from the Ohio Attorney General's Office, appeared for the CMC.  Doc. 13.  On March 15, 2013, counsel for the individually named Defendants responded to the Court's Show Cause Order and sufficiently explained why neither he nor his clients appeared at the conference.  Docs. 15 and 16.

invocation of the court's inherent power. *See* Fed.R.Civ.P. 41(b). The Sixth Circuit has held that dismissal is an appropriate sanction pursuant to Rule 41 of the Federal Rules of Civil Procedure when there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980) (quoting *Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382, 385 (5th Cir. 1978)); *see also Coleman v. American Red Cross*, 23 F.3d 1091, 1095 (6th Cir. 1994). As the *Carter* Court explained, "the key is a failure to prosecute, whether styled as a failure to appear at a pre-trial conference, failure to file a pre-trial statement, .... or failure to comply with the pre-trial order." 636 F.2d at 161 (quoting *J.F. Edwards Const. Co. v. Anderson Safeway Guard Rail Corp.*, 542 F.2d 1318, 1323 (7th Cir. 1976) (*per curiam*)).

The facts of this case indicate a clear failure to prosecute. Keeling failed to appear at the CMC and failed to respond to the Show Cause Order. Accordingly, the undersigned recommends that this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Dated: April 2, 2013

Kathleen B. Burke
United States Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).